ATTORNEY FOR APPELLANT
Kristin A. Mulholland
Crown Point, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 05 2016, 3:48 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 45S03-1604-CR-167

KEVIN ALLYN AMMONS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Lake Superior Court, No. 45G03-8811-CF-217
The Honorable Diane Ross Boswell, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 45A03-1411-CR-394

**April 5, 2016**

**Per Curiam.**

Kevin Ammons committed child molesting in Indiana in 1988 and was convicted in 1989, before passage of any part of Indiana's Sex Offender Registry Act (the "Act" or "SORA"). Ammons was released in 2006 and completed parole in 2007. Ammons registered as a sex offender as the law at the time required of him. In 2009, Ammons moved to Iowa, where he was

also required to register as a sex offender. In 2013, Ammons moved back to Indiana and in 2014 the State notified him he was required to register as a sex offender. Ammons sought removal from the registry, and the trial court ultimately denied his motion. Ammons appealed, and a divided Court of Appeals affirmed. Ammons v. State, 36 N.E.3d 1079 (Ind. Ct. App. 2015).

In the Court of Appeals, Ammons argued that because he committed his offense six years prior to the passage of SORA, application of the Act to him violates the Ex Post Facto Clause—Article 1, section 24—of the Indiana Constitution. Ammons relied on our opinion in Wallace v. State, 905 N.E.2d 371 (Ind. 2009). In Wallace,

> we found our . . . Act violated Indiana's Ex Post Facto Clause because it imposed a punitive burden as applied to an offender who committed his crime—and even served his sentence—before *any* registration requirement existed.

Tyson v. State, --- N.E.3d ---, 2016 WL 756366, at *3 (Ind. Feb. 25, 2016) (citing Wallace, 905 N.E.2d at 384) (emphasis in Tyson, footnotes omitted).

In response to Ammons' argument, the State contended there is no ex post facto violation here because SORA is not being applied retroactively to Ammons, but rather, "the State is targeting Ammons' conduct taken after [SORA]'s enactment." Appellee's Br. at 4. The State argued that because Ammons moved to Iowa in 2009 after our decision in Wallace was handed down, he could not benefit from that decision because he was living in Iowa. And it is undisputed that in Iowa, Ammons was subject to a registration requirement. According to the State, when Ammons moved back to Indiana in 2013, he had notice of and therefore "voluntarily assented to Indiana law in effect in 2013." Id. at 6. In 2013, Indiana law required (as it does today) that offenders who are under a registration obligation in another state must register when they move to Indiana. *See* Ind. Code § 11-8-8-5(b)(1) (2012 Supp.) (defining a "sex or violent offender" as "a person who is required to register as a sex or violent offender in any jurisdiction"); I.C. § 11-8-8-19(f) (2012 Supp.) ("A person who is required to register as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer.").

Ammons responded that these statutes constitute an ex post facto violation because they were enacted after the date of his crime. The Court of Appeals agreed on that point. 36 N.E.3d at 1082. But after the Court of Appeals decided Ammons' case, this Court rejected the same argument. In State v. Zerbe we held statutes requiring an Indiana resident to register were non-punitive in intent and effects when applied to an offender already required to register in another jurisdiction. --- N.E.3d at ---, 2016 WL 756368, at *2 (Ind. Feb. 25, 2016) (citing Tyson, 2016 WL 756366).

Because Ammons was already under an obligation to register, and Indiana Code sections 11-8-8-5(b)(1) and -19(f) do not impose any additional punishment on him, we find no ex post facto violation. Accordingly, we grant transfer, thereby vacating the Court of Appeals' opinion, Ind. Appellate Rule 58(A), and affirm the trial court on those grounds.

All Justices concur.