In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 22-2150
BRIAN HOPE, et al.,
 Plaintiffs-Appellees,
 v.

COMMISSIONER OF INDIANA DEPARTMENT OF CORRECTION, et al.,
 Defendants-Appellants.
 ____________________

 Appeal from the United States District Court for the
 Southern District of Indiana, Indianapolis Division.
 No. 1:16-cv-02865 — Richard L. Young, Judge.
 ____________________

 ARGUED JANUARY 6, 2023 — DECIDED APRIL 27, 2023
 ____________________

 Before EASTERBROOK, ST. EVE, and KIRSCH, Circuit Judges.
 KIRSCH, Circuit Judge. The Indiana Sex Oﬀender Registra-
tion Act (SORA), Ind. Code § 11-8-8-1 et seq., requires sex of-
fenders who study, work, or reside in Indiana to register with
the State. Plaintiﬀs are all Indiana residents who committed
sex oﬀenses either before the Indiana General Assembly en-
acted SORA or before the Assembly amended SORA to cover
their speciﬁc oﬀense. They challenge SORA’s “other-jurisdic-
tion” provision—which requires them to register under
2 No. 22-2150

SORA because they have a duty to register in another juris-
diction, see Ind. Code § 11-8-8-5(b)(1)—under the Fourteenth
Amendment’s Equal Protection Clause. We previously re-
jected plaintiﬀs’ arguments that SORA violated their consti-
tutional right to travel and the Constitution’s Ex Post Facto
Clause. Hope v. Comm’r of Ind. Dep’t of Corr., 9 F.4th 513, 523–
28, 530–35 (7th Cir. 2021) (en banc). We also concluded that
the district court incorrectly applied strict scrutiny to plain-
tiﬀs’ equal protection claim and remanded for the narrow
purpose of determining whether the other-jurisdiction provi-
sion survives rational basis review. Id. at 529, 534–35. On re-
mand, the district court concluded that requiring the registra-
tion of pre-SORA sex oﬀenders who have a registration obli-
gation in another jurisdiction is not rationally related to a le-
gitimate state interest and granted summary judgment to
plaintiﬀs. We disagree and now reverse.
 I
 Plaintiffs Brian Hope, Gary Snider, Joseph Standish, Pat-
rick Rice, Adam Bash, and Scott Rush are all Indiana residents
who committed sex offenses either before SORA existed or
before it covered their specific offenses. Plaintiffs’ exact regis-
tration obligations vary depending on their offenses, but they
all must register under SORA at least once annually and pay
an associated fee. Ind. Code §§ 11-8-8-14, 11-8-8-7, 36-2-13-5.6.
They also must comply with various restrictions—such as
staying off school property and residing more than 1,000 feet
from certain facilities such as public parks and daycares—and
notify law enforcement before leaving their residence for
more than 72 hours. See id. at §§ 35-42-4-14(b), 35-42-4-10(c),
35-42-4-11, 11-8-8-18.
No. 22-2150 3

 By its terms, SORA applies to sex offenders who commit-
ted crimes before its enactment in 1994. But the Indiana Su-
preme Court has limited SORA’s retroactive application un-
der the Indiana Constitution’s Ex Post Facto Clause. See, e.g.,
Wallace v. State, 905 N.E.2d 371, 378–84 (Ind. 2009). As a result,
Indiana ordinarily cannot require pre-SORA offenders to reg-
ister because doing so would be punitive and strip offenders
of their right to fair notice. Id. at 377, 383–84.
 Plaintiffs’ situation is different, however. Even though
they are all pre-SORA offenders, they each have a registration
obligation in another jurisdiction because they either moved
to Indiana from another state or left Indiana for some period
before returning. The Indiana Supreme Court has determined
that requiring the registration of individuals who already
have a separate registration obligation in another state does
not violate Indiana’s Ex Post Facto Clause. Tyson v. State, 51
N.E. 3d 88, 96 (Ind. 2016). The court has reasoned that when
an offender is already required to register in a different juris-
diction, requiring him to maintain his sex offender status
across state lines does not impose retroactive punishment. Ty-
son, 51 N.E. 3d at 96; State v. Zerbe, 50 N.E.3d 368, 369–70 (Ind.
2016); Ammons v. State, 50 N.E.3d 143, 144 (Ind. 2016). The
court has also concluded that SORA’s other-jurisdiction pro-
vision “undoubtedly” advances a legitimate and non-puni-
tive interest by alerting and protecting the community from
offenders with a “frighteningly high risk of recidivism,” and
prevents Indiana from “becoming a safe haven for offenders
attempting to evade [registration] obligation[s]” in other
states. Tyson, 51 N.E. 3d at 96. Therefore, the State is author-
ized to require these pre-SORA offenders to register without
violating Indiana’s Ex Post Facto Clause.
4 No. 22-2150

 Plaintiffs, who all fall into this subset of pre-SORA offend-
ers, filed this lawsuit alleging that SORA violates the federal
Ex Post Facto Clause, their right to travel under the Four-
teenth Amendment’s Privileges or Immunities Clause, and
their right to equal treatment under the Fourteenth Amend-
ment’s Equal Protection Clause. The district court granted
summary judgment to plaintiffs on all claims and on appeal,
a panel of this court affirmed. Hope v. Comm’r of Ind. Dep’t of
Corr., 954 F.3d 532, 557 (7th Cir. 2021) (vacated). We then
heard the case en banc and reversed, holding that SORA does
not violate either the right to travel or the federal Ex Post
Facto Clause. Hope, 9 F.4th at 534. We also reversed the district
court’s grant of summary judgment on the equal protection
claim, holding that the other-jurisdiction provision does not
trigger heightened scrutiny, and remanded for the district
court to determine in the first instance whether SORA passes
rational basis review. Id. at 529, 535. On remand, the district
court concluded that the answer was no, reasoning that the
provision is not rationally related to any legitimate govern-
ment interest. Thus, it granted summary judgment for plain-
tiffs on their equal protection claim.
 II
 We review the district court’s grant of summary judgment
de novo. Hope, 9 F.4th at 523. When applying rational basis
review to an equal protection claim, we are highly deferential
to the government. Lamers Dairy, Inc. v. U.S. Dep’t of Agric., 379
F.3d 466, 473 (7th Cir. 2004). We consider whether “there is
any reasonably conceivable state of facts that could provide a
rational basis for the classiﬁcation.” FCC v. Beach Commc’ns,
Inc., 508 U.S. 307, 313 (1993). If we can hypothesize a sound
reason for the classiﬁcation, the law survives. Id. at 313.
No. 22-2150 5

 Plaintiﬀs do not challenge the legitimacy of Indiana’s goal
of protecting the public through SORA. But they contend that
the classiﬁcation of oﬀenders with other registration obliga-
tions is not rationally related to that goal. They emphasize, for
example, the apparent oddity that a pre-SORA oﬀender who
lives in Indiana and works in Chicago will acquire a registra-
tion obligation in Illinois and therefore trigger a registration
obligation in Indiana, while a pre-SORA oﬀender who works
in Gary but is otherwise identical will not have to register.
Plaintiﬀs argue that because these two individuals could have
been convicted of the same exact oﬀense at the same time and
may be considered equally dangerous, distinguishing them
lacks any sound reason.
 We disagree. SORA’s other-jurisdiction provision satisﬁes
rational basis review because the State has a legitimate inter-
est in seeking to register as many sex oﬀenders as the state
constitution permits, and SORA’s other-jurisdiction provision
is rationally related to advancing that interest. As previewed
above, the Indiana Supreme Court has issued a series of deci-
sions to narrow SORA’s permissible scope under the state
constitution’s Ex Post Facto Clause. See Wallace, 905 N.E.2d at
384; Jensen v. State, 905 N.E.2d 384, 394 (Ind. 2009); State v. Pol-
lard, 908 N.E.2d 1145, 1154 (Ind. 2009); Tyson, 51 N.E. 3d at 96;
Zerbe, 50 N.E.3d at 369–70; Ammons, 50 N.E.3d at 144. The cul-
mination of these decisions is that the State cannot impose a
new duty to register on pre-SORA oﬀenders who have no ex-
isting registration obligations anywhere else. But when an of-
fender is already obligated to register elsewhere, requiring
registration in Indiana merely extends that existing duty,
which is not punitive and does not oﬀend Indiana’s Ex Post
Facto Clause. Hope, 9 F.4th at 522. Because these oﬀenders are
already subject to the stigma of being publicly identiﬁed as a
6 No. 22-2150

sex oﬀender by another state, the Indiana Supreme Court rea-
soned that requiring them to also register in Indiana has a
much smaller impact than on someone who has never been
required to register. Tyson, 51 N.E.3d at 94–96.
 Although the Indiana Constitution imposes some con-
straints that have resulted in an imperfect classiﬁcation sys-
tem, it is not irrational for Indiana to require as many sex of-
fenders to register as Indiana’s Constitution permits. Rational
basis review tolerates classiﬁcations that may be overinclu-
sive or underinclusive. St. Joan Antida High Sch. Inc. v. Milwau-
kee Pub. Sch. Dist., 919 F.3d 1003, 1010 (7th Cir. 2019). Even if
a risk posed by two groups of oﬀenders is identical, a state
may have a rational reason for treating them diﬀerently. See
Wis. Educ. Ass’n Council v. Walker, 705 F.3d 640, 655 (7th Cir.
2013). Requiring oﬀenders who are already subject to the bur-
dens of registration elsewhere rationally promotes public
safety through the maintenance of a sex-oﬀender registry that
is as complete as the Indiana Constitution permits. See Tyson,
51 N.E. 3d at 96; Zerbe, 50 N.E.3d at 370–71. Accordingly,
SORA’s other-jurisdiction provision satisﬁes rational basis re-
view.
 REVERSED