



FILED

Feb 23 2024, 9:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

### Fernando Marroquin,

*Appellant-Plaintiff*

v.

### Christina Reagle,

*Appellee-Defendant*

---

February 23, 2024

Court of Appeals Case No.
23A-MI-2545

Appeal from the Elkhart Superior Court

The Honorable Kristine A. Osterday, Judge

Trial Court Cause No.
20D01-1903-MI-90

---

**Opinion by Judge Vaidik**
Judges May and Kenworthy concur.

**Vaidik, Judge.**

## Case Summary

[1] Fernando Marroquin was convicted of Class D felony sexual misconduct with a minor, which is not (and has never been) a crime that requires sex-offender registration in Indiana. However, he then moved to Virginia, where such a crime requires lifetime registration. When he later moved back to Indiana, he was told he must register for life because he had been required to do so in Virginia. The basis for this purported requirement is Indiana Code section 11-8-8-19(f), which provides, "A person who is required to register as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer." Marroquin challenged the Indiana registration requirement, and the trial court ruled that Section 11-8-8-19(f) applies even when the only reason the offender would have to register in another jurisdiction is the existence of an Indiana conviction. We disagree and reverse.

## Facts and Procedural History

[2] In 1998, the State charged Marroquin with Class D felony sexual misconduct with a minor, alleging that he "touch[ed], fondle[d] and caress[ed]" the breast of a fourteen-year-old girl. Appellant's App. Vol. II pp. 103-04; *see also* Ind. Code § 35-42-4-9(b) (1998). Marroquin pled guilty and was sentenced to a short period of incarceration followed by two-and-a-half years of probation.

[3]     Marroquin's conviction did not require him to register as a sex offender in Indiana. *See* I.C. § 5-2-12-4 (1998) (recodified at I.C. § 11-8-8-5 in 2006).[1] But Marroquin moved to Virginia in 2000 and lived there until 2018. When he moved there, Virginia law required that he register for ten years based on the Indiana conviction. In 2007, Virginia amended its law to require lifetime registration for offenders like Marroquin. Marroquin registered as required the entire time he lived in Virginia.[2]

[4]     In 2018, Marroquin moved back to Indiana. The Elkhart County Sheriff's Office told him he needed to register in Indiana for life, just as he had been required to do in Virginia, under Section 11-8-8-19(f). Marroquin then sued the Commissioner of the Department of Correction, seeking a declaratory judgment that he need not register. The parties filed cross-motions for summary judgment. The trial court denied Marroquin's motion and granted the Commissioner's. The court held that, under *Ammons v. State*, 50 N.E.3d 143 (Ind. 2016), the registration requirement under Section 11-8-8-19(f) "is triggered if, when an offender moves to Indiana, he is required to register in the state

---

[1] Marroquin says his conviction required him to register for ten years in Indiana. He is incorrect. Since their original enactment in 1994, Indiana's registration statutes have never required registration for Class D felony sexual misconduct with a minor (or its successor, Level 6 felony sexual misconduct with a minor). *See* I.C. § 5-2-12-4 (1994) (recodified at I.C. § 11-8-8-5 in 2006).

[2] The trial court expressed some doubt as to whether Marroquin was actually required to register for life in Virginia, *see* Appellant's App. Vol. II p. 132, but both parties tell us that he was. We accept the parties' representation for purposes of this appeal.

from which he came, regardless of the state of conviction." Appellant's App. Vol. II pp. 134-35.

[5] Marroquin now appeals.

## Discussion and Decision

[6] Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Here, the relevant facts are undisputed. The only issue is the proper interpretation of Indiana Code section 11-8-8-19(f). Statutory interpretation is an issue of law that we review de novo, giving no deference to the trial court's ruling. *Tyson v. State*, 51 N.E.3d 88, 90 (Ind. 2016).

[7] Again, Section 11-8-8-19(f) provides, "A person who is required to register as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer." Marroquin contends this statute doesn't apply when the requirement to register in another jurisdiction is based entirely on the existence of an Indiana conviction—that is, when there is no "independent requirement" to register in another jurisdiction. Appellant's Br. p. 10. We agree.

[8] The first part of Section 11-8-8-19(f)—"A person who is required to register as a sex or violent offender in any jurisdiction . . ."—matches language from Section 11-8-8-5, the statute that defines "sex or violent offender." As relevant here, that statute provides that a "sex or violent offender" is (1) a person who has been

convicted of any of a list of Indiana criminal offenses, I.C. § 11-8-8-5(a), or (2) "a person who is required to register as a sex or violent offender in any jurisdiction," *id.* at (b)(1). In discussing the latter provision, subsection (b)(1), our Supreme Court has explained that "by requiring registration from individuals who are required to register elsewhere, Indiana avoids becoming a safe haven for offenders attempting to evade their obligation." *Tyson*, 51 N.E.3d at 96 (holding that offender who had to register in Texas based on Texas offense also had to register in Indiana). In other words, the purpose of Section 11-8-8-5(b)(1) is to ensure that a person who is required to register in another jurisdiction because of a sex offense in that jurisdiction cannot avoid registration by moving to Indiana. *See id.* at 95 (explaining that "Indiana is choosing to defer to offender status determinations made by other states"). And Section 11-8-8-19(f) simply establishes how long such out-of-state offenders must register in Indiana. Because Marroquin committed his sex offense in Indiana, he is not included in Section 11-8-8-5(b)(1) and is not subject to Section 11-8-8-19(f).

[9] The Commissioner argues, and the trial court found, that our Supreme Court reached the opposite conclusion in *Ammons v. State*, 50 N.E.3d 143 (Ind. 2016). There, the Court cited Sections 11-8-8-5(b)(1) and 11-8-8-19(f) in upholding the Indiana registration requirement of an offender who committed child molesting in Indiana, moved to Iowa (where he had to register based on the Indiana conviction), then returned to Indiana. But the offender didn't raise the statutory issue Marroquin raises here. That is, the offender didn't dispute that he fell

within the language of Sections 11-8-8-5(b)(1) and 11-8-8-19(f). He argued only that applying these statutes to him violated the ex post facto clause of the Indiana Constitution because the statutes didn't exist when he committed his crime. *Id.* at 144. Our Supreme Court addressed and rejected that constitutional argument, but it didn't address the statutory argument Marroquin makes here. Therefore, the Court's holding doesn't control the outcome of this appeal.

[10] Because Section 11-8-8-19(f) doesn't apply to Marroquin, and because Indiana doesn't require registration for Class D felony sexual misconduct with a minor, we reverse the trial court's grant of summary judgment to the Commissioner and remand for the entry of summary judgment for Marroquin.

[11] Reversed and remanded.

May, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

David A. Arthur
Indianapolis, Indiana