


FILED
Mar 20 2024, 9:34 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N T H E

# Court of Appeals of Indiana

Osama Shibli,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

March 20, 2024

Court of Appeals Case No.
23A-CR-1339

Interlocutory Appeal from the Hamilton Superior Court

The Honorable Stephenie K. Gookins, Judge

Trial Court Cause No.
29D06-2211-F6-7716

---

**Opinion by Judge Bradford**
Chief Judge Altice and Judge Felix concur.

**Bradford, Judge.**

# Case Summary

[1] After Osama Shibli moved back to Indiana, the State charged him with two counts of Level 6 felony failure to register as a sex or violent offender based on a prior conviction for child molesting in Indiana. Shibli moved to dismiss the charges, which motion the trial court denied. Shibli petitioned for interlocutory appeal, which the trial court granted and over which we accepted jurisdiction. Shibli argues that the sex-offender registration requirement, as applied to him, violates the Ex Post Facto Clause of the Indiana Constitution. We affirm.

# Facts and Procedural History

[2] In 1998, Shibli was convicted of two counts of Class C felony child molesting in Indiana, for which the trial court sentenced him to eight years of incarceration. Shibli was released to parole and advised of his obligation to register as a sex offender under the Indiana Sex Offender Registration Act (the "SORA"). At the time of his conviction, Shibli was required by Indiana law to register as a sex offender for ten years.

[3] In January of 2003, Shibli transferred his parole to Florida. Florida law required that Shibli register as a sex offender for life. In 2007, Shibli moved to Syria; however, prior to moving, he had signed a "Florida Department of Law Enforcement Predator/Offender Registration" form, in which he acknowledged that if he gained employment in another state, or became a resident of another

state, he would also be required to register as a sex offender in that state. Appellant's App. Vol. II p. 12.

[4] In 2021, Shibli and his wife purchased a home in Fishers and Shibli obtained employment in Indianapolis. At this time, Shibli did not register as a sex offender. In November of 2022, the State charged Shibli with two counts of Level 6 felony failure to register as a sex or violent offender. On January 9, 2023, Shibli moved to dismiss the charges. On March 16, 2023, the trial court conducted a hearing, after which it denied Shibli's motion to dismiss.

## Discussion and Decision

[5] Shibli argues that the trial court erred in denying his motion to dismiss because the sex-offender registration requirement, as applied to him, violates Indiana's Ex Post Facto Clause. A defendant must prove, by a preponderance of the evidence, all of the facts necessary to support his motion to dismiss. *Ackerman v. State*, 51 N.E.3d 171, 177 (Ind. 2016). Because Shibli is appealing from the denial of a motion to dismiss, he is appealing from a negative judgment, which "we will reverse only if the evidence is without conflict and leads inescapably to the conclusion that [Shibli] is entitled to a dismissal." *Barnett v. State*, 867 N.E.2d 184, 186 (Ind. Ct. App. 2007).

[6] We review whether the SORA violates Indiana's ex post facto provision *de novo*, *State v. Zerbe*, 50 N.E.3d 368, 369 (Ind. 2016), which it does "if it substantially disadvantages a defendant because it increases his punishment,

changes the elements of or ultimate facts necessary to prove the offense, or deprives a defendant of some defense or lesser punishment that was available at the time of the crime." *Lemmon v. Harris*, 949 N.E.2d 803, 809 (Ind. 2011) (cleaned up). The purpose of our prohibition against ex post facto laws "is to give effect to the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties." *Wallace v. State*, 905 N.E.2d 371, 377 (Ind. 2009).

[7] Shibli acknowledges that, after he had been convicted in 1998, Indiana law had required him to register as a sex offender in Indiana for ten years and that Florida law had required him to register for life. However, Shibli takes issue with the 2007 amendment to the SORA, which provides: "A person who is required to register as a sex or violent offender in any jurisdiction shall register [in Indiana] for the period required by the other jurisdiction." Ind. Code § 11-8-8-19(f). Specifically, Shibli argues that this reciprocal-registration requirement, as applied to him, is an ex post facto punishment. We disagree.

[8] We conclude that *Ammons v. State*, 50 N.E.3d 143 (Ind. 2016) controls. In that case, Ammons had been convicted of child molesting in 1989, prior to the passage of the SORA. *Id*. at 144. In 2009, after being released and completing parole, Ammons moved to Iowa, where he was required to register as a sex offender for ten years. *Id*. In 2013, Ammons returned to Indiana and the State informed him that he was required to register as a sex offender. *Id*. Ammons sought removal from the registry, which motion the trial court denied. *Id*. The Indiana Supreme Court concluded that there was no ex post facto violation and

"statutes requiring an Indiana resident to register were non-punitive in intent and effects when applied to an offender already required to register in another jurisdiction." *Id.* (citing *Zerbe*, 50 N.E.3d at 369–71). The Court reasoned that when Ammons had moved back to Indiana in 2013, "Indiana law required […] that offenders who are under a registration obligation in another state must register when they move to Indiana[,]" so requiring registration in Indiana imposed no additional punishment. *Id*. at 144.

[9] Shibli attempts to distinguish *Ammons* from his case. In doing so, Shibli argues that Ammons had been charged with another crime in Iowa—namely, failing to register—whereas Shibli has never been convicted of any other offense requiring registration outside of his Indiana conviction. Shibli also notes that, unlike Ammons, he had moved out of Indiana before the reciprocal-registration amendment had been enacted and that Florida, unlike Iowa, imposed a lifetime-registration requirement. Additionally, Shibli points out that he did not simply move from state to state, but out of the country and back. These unique facts, Shibli argues, differentiate his case from *Ammons* and necessitate an intent-effects test analysis.

[10] We fail to see how any of these factual distinctions remove this case from *Ammons*'s holding that "statutes requiring an Indiana resident to register were non-punitive in intent and effects when applied to an offender already required to register in another jurisdiction." *Ammons*, 50 N.E.3d at 144 (citing *Zerbe*, 50 N.E.3d at 369–71). Shibli, like Ammons, had been required to register in a different state based on his Indiana conviction for child molesting. Both

Shibli's and Ammons's requirements to register in Indiana ultimately were based on their Indiana convictions, not additional child-molesting convictions in other states. Florida law, moreover, required Shibli to register for life and, while Shibli had moved out of Indiana before the reciprocal-registration amendment was enacted, he is presumed to have known upon his return to Indiana that Indiana law would require him to register. *Cain v. State*, 36 Ind. App. 51, 51, 74 N.E. 1102, 1104 (1905) ("All residents and citizens of the state are presumed to know its law, both civil and criminal."). Shibli's moving from Florida to Syria before returning to Indiana did not undercut his obligation to register.

[11] Moreover, Shibli argues that his registration requirement is "based solely on Florida law, and not on any additional registerable offense." Appellant's Br. p. 12. However, it "is immaterial to the analysis whether Indiana law is maintaining, extending, or modifying its own duties or those of another state. Likewise, it is irrelevant where or when the conviction occurred, as long as another state imposed a lawful registration obligation on the offender[.]" *Hope v. Comm'r of Ind. Dep't of Corr.*, 9 F.4th 513, 523 (7th Cir. 2021). The Indiana Supreme Court has also held that "[m]aintaining a registry requirement across state lines does not amount to a punitive burden." *Tyson v. State*, 51 N.E.3d 88, 90 (Ind. 2016); *see also Jensen v. State*, 905 N.E.2d 384, 392 (Ind. 2009) (concluding there was no "greater burden on Jensen" in extending his registration requirement where the burden of registering had already been imposed). Consequently, we cannot say that requiring Shibli to register based

on his Florida obligation imposes an additional criminal penalty in violation of Indiana's Ex Post Facto Clause.

[12] In any event, Shibli signed a "Florida Department of Law Enforcement Predator/Offender Registration" form, in which he acknowledged that if he gained employment in another state, or became a resident of another state, including Indiana, he must also register as a sex offender in that state. Appellant's App. Vol. II p. 12. This strikes us as "contractual in nature," similar to a plea agreement, "binding the defendant, the state, and the trial court." *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004) (noting the contractual nature of plea agreements). Because Florida law had already required Shibli to register for life, and he had signed an agreement with the State of Florida agreeing to register in any other state if he became a resident of another state, we conclude that Indiana's reciprocal-registration requirement does not result in additional punishment on Shibli, there is no ex post facto violation, and we need not proceed with an analysis of the SORA under the intent-effects test.

[13] The judgment of the trial court is affirmed.

Altice, C.J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Amanda C. Price
Baldwin Perry & Wiley, P.C.
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana