


FILED

Sep 13 2024, 8:49 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Court of Appeals of Indiana

Gage Peters,

*Appellant-Plaintiff*

v.

Dennis J. Quakenbush, II, and Christina Reagle,

*Appellees-Defendants*

---

September 13, 2024

Court of Appeals Case No.
24A-PL-405

Appeal from the Hamilton Superior Court

The Honorable William J. Hughes, Judge

The Honorable Andrew R. Bloch, Magistrate

Trial Court Cause No.
29D03-2308-PL-7853

---

**Opinion by Chief Judge Altice**
Judge Bailey concurs in result with separate opinion.
Judge Mathias dissents with separate opinion.

**Altice, Chief Judge.**

## Case Summary

Eight years after being convicted of a sex offense in Illinois, where he was required to register as a sex offender for ten years, Gage Peters visited Florida for a week. While there, he registered as a sex offender as required by Florida law, which imposes a lifetime registration requirement on sex offenders. Peters later moved to Indiana, where he was informed that, due to his Florida obligation, he was subject to a lifetime registration requirement pursuant to Ind. Code § 11-8-8-19(f), often called the other-jurisdiction provision.

Peters filed a complaint for declaratory judgment against Hamilton County Sheriff Dennis J. Quakenbush, II (the Sheriff) and Christina Reagle, in her official capacity as the Commissioner of the Indiana Department of Correction (the DOC), seeking a declaration that, under Indiana law, he is required to register only for a period of ten years. The DOC filed a motion to dismiss, in which the Sheriff joined. The trial court entered judgment in favor of the Sheriff and the DOC. Peters appeals, claiming that he is not subject to a lifetime registration requirement.

We affirm.

## Facts & Procedural History

Peters is currently a resident of Indiana. In October 2013, he was convicted in Illinois of criminal sexual abuse/force, which Peters asserts is substantially

similar to Indiana's offense of Level 6 felony sexual battery. Illinois required that he register as a sex offender for a period of ten years, which he did, with his ten-year period beginning on October 15, 2013.

[5] In August 2016, Peters moved to Indiana and complied with his duty to register here. The DOC advised him by letter that, under Indiana's Sex and Violent Offender Act (SORA), his registration period was ten years. The letter further advised, "In the event circumstances related to your registration requirement change, this determination is subject to modification." *Appendix* at 18.

[6] In January 2021, Peters moved back to Illinois. He visited Florida from September 28 through October 4, 2021. Pursuant to Florida law that requires a sex offender to register if they are in the state for a period of three days or more, Peters registered in Florida and provided the address of his temporary residence there. As part of his registration, Peters signed a "Notice of Sexual Predator and Sexual Offender Obligations" (the Notice). *Id*. at 21. In the Notice, he agreed: "I MUST maintain registration for the duration of my life. {F.S. 943.0435(11); 776.21(6)(I)}." *Id*. at 23. The Notice also advised Peters that his registration would be published on the Florida Department of Law Enforcement's (FDLE) public sexual predator and offender website. When his visit to Florida ended, Peters returned to Illinois and continued with the requirements of his registration there.

[7] On May 27, 2022, after moving back to Indiana, Peters registered with the Hamilton County Sheriff Department (HCSD). HCSD's "Sex or Violent

Offender Registration Form" reflected that Peters's "Registration Start Date" was October 15, 2013 and his "Registration End Date" was October 15, 2023. *Id.* at 29. Peters received and signed a separate form with advisements of an offender's duties and obligations. Among other things, Peters was advised: "A person who is required to register as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer. (See IC 11-8-8-14 and IC 11-8-8-19)." *Id*. at 31.

[8] In February 2023, HCSD sent Peters a letter advising him that, following review of his file, "[i]t has been determined that you are required to register for Lifetime as Sex Offender" and that his registration would be updated accordingly.[1] *Id*. at 35. The letter explained that the change in status was "due to the State of Florida registration laws when you resided there." *Id*.

[9] On August 21, 2023, Peters filed a complaint for declaratory judgment against the Sheriff and the DOC, seeking relief from the change in his registration period. The DOC filed a motion to dismiss, in which the Sheriff later joined. Because the DOC attached files from the Florida and national sex offender public websites, the trial court treated the motion to dismiss as a motion for summary judgment. Following a hearing, the trial court issued an order on January 29, 2024, finding that no genuine of material fact existed and that

---

[1] According to Peters, he initiated an administrative appeal through the DOC but, to date, has not received a response.

"[Peters] is required to register for life in the state of Indiana because he is required to do so in the state of Florida." *Id*. at 134. The court dismissed Peters's complaint for declaratory judgment and entered judgment as a matter of law in favor of the DOC and the Sheriff. Peters now appeals.

## Discussion & Decision

Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Here, the relevant facts are undisputed. The only issue is the proper interpretation of the other-jurisdiction provision. Statutory interpretation is an issue of law that we review de novo, giving no deference to the trial court's ruling. *Tyson v. State*, 51 N.E.3d 88, 90 (Ind. 2016). Our primary goal in interpreting any statute is to effectuate legislative intent. *N.L. v. State*, 989 N.E.2d 773, 777 (Ind. 2013). If a statute is clear and unambiguous, courts do not apply any rules of construction other than giving effect to the plain and ordinary meaning of the language. *Id*.

As is relevant to this appeal, the Indiana legislature amended SORA in 2006 to add the following category of registrants: "a person who is required to register as a sex or violent offender in any jurisdiction." Ind. Code §§ 11-8-8-4.5(b)(1) (defining a sex offender as "a person who is required to register as a sex offender in any jurisdiction") and -5(b)(1) (similarly defining a sex and violent offender). In 2007, SORA was amended to address the length of registration for this category of registrants, adding the "other-jurisdiction" provision: "A

person who is required to register as a sex offender in any jurisdiction shall register *for the period required by the other jurisdiction* or the period described in this section, whichever is longer." I.C. § 11-8-8-19(f) (emphasis added).

[12] The parties agree that an offender who visits Florida and stays for more than three days in a calendar year must register in Florida and that all offenders are required to register for life. *See generally* Fla. Stat. § 943.0435. Applying the other-jurisdiction provision to Peters, the trial court found that Peters was required to register for life in Indiana. Peters asserts, for a couple of reasons, that his "temporary requirement to register in Florida while he was on vacation did not follow him home to Indiana." *Appellant's Brief* at 20.

### A. "Independent Requirement" to Register

[13] Peters's primary claim is that the other-jurisdiction provision "does not apply to him because he has no independent requirement to register" in Florida. *Id.* at 9. He maintains that because Florida imposed the lifetime registration obligation based on the Illinois conviction – and not due to a Florida conviction, which would have provided an "independent" basis for that state to require registration – the other-jurisdiction provision does not apply. Peters's argument in this regard is based on our court's recent decision in *Marroquin v. Reagle*, 228 N.E.3d 1149 (Ind. Ct. App. 2024), *transfer pending*, where Marroquin was convicted in Indiana of an offense that did not trigger a requirement to register as a sex offender in Indiana. Marroquin moved to Virginia, where he was required to register for life due to his Indiana conviction. Upon relocating back to Indiana, Marroquin was informed that he was subject to a lifetime

registration requirement. Marroquin sought a declaratory judgment that he need not register in Indiana, which the trial court denied.

[14] Marroquin appealed, contending that that the other-jurisdiction provision does not apply "when there is no 'independent requirement' to register" in the other jurisdiction. *Id*. at 1150. A panel of this court agreed, holding that since Marroquin had no independent requirement to register in the other jurisdiction – there, Virginia, which required him to register strictly based on his Indiana conviction – he was not subject to lifetime registration in Indiana under the other-jurisdiction provision. Peters argues that in his case, just as in *Marroquin*, there was no independent requirement that he register in Florida – as his obligation to register there was based on his Illinois conviction – and, therefore, he is not subject to a lifetime registration period in Indiana.

[15] We respectfully disagree with our colleagues in *Marroquin* and decline to follow it. In concluding that the other-jurisdiction provision did not apply to Marroquin, the court reasoned, "[T]he purpose of [the provision] is to ensure that a person who is required to register in another jurisdiction *because of a sex offense in that jurisdiction* cannot avoid registration by moving to Indiana." *Id*. at 1151 (italics added). However, the plain language of the other-jurisdiction provision does not require that the obligation to register in the other state be "because of a sex offense in that jurisdiction." Indeed, it makes no reference to the state where the crime was committed. Rather, the statute states only that "[a] person who is required to register as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction[.]"

I.C. § 11-8-8-19(f). The *Marroquin* decision thus reads words into the statute that are not there. Finding, as we do, that the other-jurisdiction provision is unambiguous, we will not wade into attempting to discern the statute's intended purpose. And we decline to adopt the *Marroquin* panel's position that, in order for the other-jurisdiction provision to apply, the other state's obligation must be based on an "independent requirement" to register "because of a sex offense in that jurisdiction." 228 N.E.3d at 1151.

[16] Rather, we are guided by *Ammons v. State*, 50 N.E.3d 143 (Ind. 2016). There, our Supreme Court upheld the Indiana registration requirement of an offender who was required to register in Iowa as a sex offender based on a prior Indiana conviction, and, upon moving back to Indiana, was notified that he was required to register as a serious violent felon. On appeal, Ammons sought relief from the registration requirement claiming it violated Indiana's ex post facto clause because, at the time he committed the offense, Indiana had no registration requirement.

[17] The *Ammons* Court upheld the requirement to register, explaining that, when Ammons moved back to Indiana, "Indiana law required . . . that offenders who are under a registration obligation in another state must register when they move to Indiana." 50 N.E.3d at 144 (citing I.C. § 11-8-8-19(f) and -5(b)(1)). Although decided in the context of an ex post facto claim, the result reached in *Ammons* was based on the fact that Ammons had moved back to Indiana from Iowa, where he had a registration requirement due to his Indiana conviction. In other words, despite the lack of an independent requirement in Iowa for

Ammons to register, the Supreme Court applied the other-jurisdiction statute and required him to register here upon moving back from Iowa.[2]

[18] Our decision today is also consistent with this court's recent holding in *Shibli v. State*, 231 N.E.3d 280 (Ind. Ct. App. 2024), *transfer pending*, where Shibli was convicted of Class C felony child molesting in 1998 and, after serving a period of incarceration, was released to parole. At the time of his conviction, SORA required that he register as a sex offender for a period of ten years. In January 2003, he transferred his parole to Florida, which required him to register as a sex offender for life. When he moved back to Indiana in 2021, he did not register as a sex offender, and the State later charged him with two counts of failure to register. The trial court denied his motion to dismiss the charges, and on appeal, he asserted that application of the other-jurisdiction provision – enacted in 2007 – violated Indiana's ex post facto clause.

[19] Among other reasons, Shibli challenged his registration requirement because it was "based solely on Florida law, and not on any additional registerable offense," which we find to be akin to Peters's claim that the other-jurisdiction provision is inapplicable to him because Florida lacked any "independent

---

[2] The *Marroquin* court acknowledged *Ammons* but found it did not control Marroquin's appeal because *Ammons* did not address Marroquin's statutory argument that the other-jurisdiction provision did not apply to him. This analysis overlooks the doctrine of judicial restraint, directing that we "must refrain from deciding constitutional questions unless no non-constitutional grounds present themselves for resolving the case under consideration." *Jones v. Jones*, 832 N.E.2d 1057, 1059 (Ind. Ct. App. 2005). Thus, if the other-jurisdiction statute did not apply at all, the *Ammons* Court would have so said and avoided reaching Ammons's constitutional ex post facto claim.

requirement" for imposing the lifetime registration obligation. *Id*. at 283. The *Shibli* court expressly rejected the "lack of any additional registerable offense" argument, stating,

> [I]t "is immaterial to the analysis whether Indiana law is maintaining, extending, or modifying its own duties or those of another state. Likewise, it is irrelevant where or when the conviction occurred, as long as another state imposed a lawful registration obligation on the offender[.]"

*Id*. at 284 (quoting *Hope v. Comm'r of Ind. Dep't of Corr.*, 9 F.4th 513, 523 (7th Cir. 2021)). Here, Florida imposed a lawful lifetime registration requirement, and Peters was subject to it, pursuant to the other-jurisdiction provision, when he moved to Indiana.

## B. Public Notification versus Offender Registration

[20] In challenging application of the other-jurisdiction provision, Peters also suggests that his visit to Florida triggered only "a temporary obligation" for him to register while he was in the state but, once he left, "he no longer has a duty to register in Florida." *Appellant's Brief* at 9, 14-15. Peters concedes that his profile remains on Florida's FDLE online sex offender registry but argues that the inclusion of an individual's profile on a registry "serves to notify the community of the person's presence in the state but does not impose an independent duty on the person to register, nor does it alter or extend one's duty to register." *Id.* at 14. Peters's argument appears to be that because he is not currently required to report in person to Florida law enforcement or update his registration, there

was no current registration requirement in Florida to transfer to Indiana under the other-jurisdiction provision. We are unpersuaded.

[21] At the time he moved to Indiana in 2022, Peters was under a lifetime obligation in Florida to register as a sex offender. The fact that he currently does not need to report in person to Florida police is not dispositive. Peters's information remains on Florida's public website, and if he were to re-enter Florida, he would indeed have a duty to report to authorities and, if he remained there, a duty to update his registration. His obligation to register as a sex offender in Florida is a lifetime requirement.

## C. Conclusion

[22] As our Supreme Court has observed, "[O]ur General Assembly has quite clearly determined who is required to register: [SORA] directs us to defer to other states' sex offender designations, apparently in an effort to protect our own residents." *State v. Zerbe*, 50 N.E.3d 368, 370 n.2 (Ind. 2016). We find that the plain language of the other-jurisdiction provision compels registration for individuals with out-of-state registration obligations regardless of the source of those obligations. Because Peters is subject to a lifetime registration obligation in Florida, he is required, pursuant to Indiana's other-jurisdiction provision, to register as a sex offender for life in Indiana.[3] Accordingly, the trial court

---

[3] Peters highlights that application of the other-jurisdiction provision to his situation would "effectively prohibit[]" registrants from "ever leaving Indiana, even on vacation" if a "week-long visit to Florida" "automatically converted" a ten-year registration period to a lifelong requirement. *Appellant's Reply Brief* at

properly entered judgment in favor of the Sheriff and the DOC on Peters's declaratory judgment complaint.

[23] Judgment affirmed.

Judge Bailey concurs in result with separate opinion.

Judge Mathias dissents with separate opinion.

---

10-11. He further maintains that the lifelong requirement "can never be removed" because, although some lifetime registrants in Indiana may seek removal after ten years, he cannot "due to the Florida obligation" and "also cannot seek removal of the registration requirement in Florida because he is still required to register in Indiana." *Id*. at 11. If such is indeed the case, and we make no determination in that regard, we are not unsympathetic to the plight. However, while such consequences might be worthy of the legislature's consideration, they are not pertinent to our interpretation and application of what we find to be an unambiguous statute.

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEES

Theodore E. Rokita
Indiana Attorney General

David A. Arthur
Deputy Attorney General
Indianapolis, Indiana

Adam S. Willfond
Assistant County Attorney
Noblesville, Indiana

**Bailey, Judge, concurring in result.**

[24] The statutory provision at issue, the "other jurisdiction provision" employs plain language:

> A person who is required to register as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer.

Ind. Code § 11-8-8-19(f). I agree with the majority that we cannot simply add words to a statute "that are not there" in order to restrict application. Majority Opinion at 8. "[I]it is just as important to recognize what a statute does not say as it is to recognize what it does say." *Rush v. Elkhart Cty. Plan Comm'n*, 698 N.E.2d 1211, 121 (Ind. Ct. App. 1998), *trans. denied*. Courts will not add to a statute something "that the legislature has purposely omitted." *Id.*

[25] A literal application of the "other jurisdiction provision" equates to enforceability without recourse for the registrant. But under the Full Faith and Credit Clause, the judgments, acts, and records of a sister state are prima facie valid, not absolutely valid:

> The Full Faith and Credit Clause of the United States Constitution mandates that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. Full faith and credit means that the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced. Indiana has codified this notion at Indiana Code § 34-39-4-3, which provides that records and

judicial proceedings from courts in other states "shall have full faith and credit given to them in any court in Indiana as by law or usage they have in the courts in which they originated." Full faith and credit commands deference to the judgments of foreign courts, and the judgment of a sister state, regular and complete upon its face, is prima facie valid.

*Gardner v. Pierce*, 838 N.E.2d 546, 550 (Ind. Ct. App. 2005) (quotations and citations omitted).

[26] It is uncontested that Florida imposed upon Peters a lifetime reporting requirement. But I am troubled by the lack of any constraint upon blanket enforcement in this State regardless of where the crime originated and how onerous the subsequent reporting requirements are. We are placed in the position of imposing a lifetime requirement of registration for conduct that is twice removed from this jurisdiction. The offense was committed in Illinois and the lifetime registration requirement was imposed by Florida. Application of the "other jurisdiction provision" with no questions asked borders upon the absurd. Indeed, even if Peters – in Florida for a week of vacation – was provided with notice that he would be subject to a lifetime reporting requirement if he lingered three days, it is illogical that Peters was transformed into a Florida resident upon the third day. Florida is simply wrong. For these reasons, I concur in result.

**Mathias, Judge, dissenting.**

[27] I respectfully dissent. I would adopt the reasoning set out in *Marroquin* and hold that Indiana Code section 11-8-8-19(f) "doesn't apply when . . . there is no 'independent requirement' to register" in Florida. 228 N.E.3d at 1151. As Judge Bailey aptly points out, "[w]e are placed in the position of imposing a lifetime requirement of registration for conduct that is twice removed from this jurisdiction." *Supra*, at 14. To apply the statute in that manner, when Peters visited Florida for only one week, is simply absurd.

[28] Under the absurdity doctrine, we "give a statute 'its obvious intended effect despite its plain text.'" *Estabrook v. Mazak Corp.*, 140 N.E.3d 830, 836 (Ind. 2020) (quoting *R.R. v. State*, 106 N.E.3d 1037, 1042 (Ind. 2018)). "The doctrine is 'strong medicine' because it 'defeats even the plain meaning of statutes.'" *Id.* (quoting *Calvin v. State*, 87 N.E.3d 474, 477 (Ind. 2017)). Our legislature cannot have intended to impose a lifetime registry requirement based on a one-week vacation, and I would grant the relief Peters requests in his complaint for declaratory judgment.